Selden, J.
The practice in regard to frivolous answers, demurrers and replies is regulated by section 247 of the Code, which provides that the party aggrieved may apply, upon a notice of five days, to a judge out of court, for judgment, and that “judgment may be given accordingly.” The frivolous pleading in such cases is not stricken out, but remains upon the record, and becomes a part of the judgment-roll. An appeal may be taken from the judgment in such' cases, from the special to the general term, and from thence to the Court of Appeals. But the manner of dealing with sham and irrelevant answers is entirely different. Section 152 of the Code provides that “sham and irrelevant answers may be stricken out on motion, and upon such terms as the court may in their discretion impose.” In these cases the obnoxious pleading is stricken out, and is no longer part of the record. The suit is left in the same condition as if no answer had been put in; and where the time for answering has expired, when the order to strike out is made, and no terms are imposed by the order, the plaintiff obtains judgment as for want of an answer. In such cases, no appeal will lie from the judgment, it having been obtained through the default of the defendant. An appeal, however, may be brought from the special to the general term from the order to strike out the answer, under subdivision 3 of section 349 of the Code, as the order clearly involves a substantial right. But there seems to be no provision for bringing such an order by appeal to this court. ■ It is clearly not within the second or third subdivisions of section 11 of the Code, as it is not an order which determines the action, nor is it made in a summary proceeding after judgment.' If it could conie here at all, it must be under subdivision 1, upon the *164 ground that the appeal, although in terms from the order, is virtually an appeal from the judgment. It may be said that the judgment, although in form a judgment by default, is, in reality, a judgment consequent upon the decision of the court upon the motion to strike out, and hence is appealable. But the order to strike out does not direct a judgment, nor does judgment follow necessarily upon it. The party may still answer, notwithstanding the order, if the time for answering has not expired, or he may apply for and obtain leave to answer, where it has. If he chooses to omit this, and to resort to his appeal to the general term, he must abide the consequences of his election. There is no mode, therefore, in which the question arising upon an answer alleged to be sham or irrelevant can be brought to this court. In the present case, although the terms of the order are, that the answer is stricken out as sham, frivolous and false, yet it could not, as we have seen, be stricken out as frivolous; and, hence, the inference is, that it must have been stricken out as sham.
It necessarily follows that no appeal will lie to this court; and the respondent’s motion must therefore be granted, with $10 costs.
Motion granted.