FRANK STANKE v. CITY OF ST. PAUL.[1]

January 4, 1898.

Nos. 10,835—(48).

Municipal Corporation — Negligence — Icy Sidewalk — Personal Injuries—Notice.

When, by reason of negligence upon the part of municipal authorities, a street gutter or waterway becomes obstructed and filled up, so that it will not carry off accumulated waters, and such waters, because of the obstruction, overflow upon the sidewalk and freeze so as to make a thin, smooth coating of ice, a person who slips, falls and is injured upon said ice cannot recover for his injuries, in the absence of proof tending to show that the municipality had notice, actual or constructive, that, because of such negligence, ice usually formed at that place, or, at least, in the absence of notice that ice might so form.

[1] Reported in 73 N. W. 629.

Action in the district court for Ramsey county to recover $1,150 for personal injuries suffered by plaintiff and expenses incurred for medical attendance. When the plaintiff rested the defendant requested the court, Kelly, J., to direct a verdict for the defendant. The motion was granted. From an order denying his motion for a new trial plaintiff appealed. Affirmed.

*J. L. Macdonald,* for appellant.

*James E. Markham* and *Carl Taylor,* for respondent.

COLLINS, J.

The question which counsel for appellant (plaintiff) argues and attempts to have determined is whether a municipality can be held in damages on account of injuries received by a person who slips and falls upon a smooth sheet of ice which has formed upon one of its sidewalks, such formation having been caused by a negligent failure of the municipality to keep a street gutter or waterway unobstructed, so that it would carry off the accumulated waters, the result of the obstruction being that such waters overflowed the walk, and then became frozen and slippery; the gravamen of the charge being, according to counsel's brief, that the walk became covered with ice, slippery and dangerous, solely and only because the municipality negligently permitted the gutter or waterway to become obstructed and filled up, so that it could not carry off and discharge the waters there accumulated.

The question is not disposed of in Henkes v. City, 42 Minn. 530, 44 N. W. 1026, as contended by counsel for the municipality, for there the defendant city was not responsible for the formation and presence of the ice upon the sidewalk. It was formed by water from the hose used by the fire department when subduing a fire in an adjoining building.

It is argued by counsel for the municipality that the obstructed gutter or waterway was not the proximate cause of the injury to plaintiff, but that it was the ice; that the negligence complained of was a remote cause, or cause of causes; that the ice was the proximate or direct cause; that this must be the cause of the action, and with this as the cause there can be no recovery,—citing Chamberlain v. City, 84 Wis. 289, 54 N. W. 618, in support of the

position. It is also urged that, no matter what has caused the formation of thin, smooth ice upon a sidewalk, it is not a defect which will justify a recovery for damages in any event, reliance being placed on Nason v. City, 14 Allen, 508; Billings v. City, 102 Mass. 329; Pinkham v. Inhabitants, 104 Mass. 78; Fitzgerald v. Inhabitants, 109 Mass. 204; Hughes v. City, 160 Mass. 474, 36 N. E. 485.

The last three cases have also been cited by counsel for plaintiff in support of his contention that when there is a special cause for the formation of ice upon a walk, which a municipality might have guarded against, and which cause is the result of negligence on the part of the authorities, a liability is incurred. These cases all recognize the rule that mere slipperiness of a sidewalk, by reason of the formation, from natural causes, of a thin, smooth coating of ice, of substantially uniform thickness, is not in itself an actionable defect. But counsel has mainly relied upon Perkins v. City, 34 Wis. 435; Stanton v. City, 12 Allen, 566, and a number of cases therein cited; Gaylord v. City, 58 Conn. 398, 20 Atl. 365; and City v. Smith, 48 Ill. 107. But in every one of these cases except the last the liability of the municipality was predicated, not upon the fact that its negligence caused the condition in the first instance, but upon the fact that it had actual or constructive notice of the condition, and allowed it to continue for an unreasonable length of time.

Take, for illustration, Gaylord v. City. The gist of that decision was that a duty rested upon the defendant city, because it possessed actual knowledge of the clogged condition of the gutter, had ample time to remove the obstruction, knew that the direct and immediate result of this condition was to render the sidewalk unsafe and dangerous, by reason of the constant accumulation and reaccumulation of ice, and that an accident was imminent as a consequence. The ice had again and again formed upon the walk because of the condition of the gutter, and of this the city had actual notice. Even under these circumstances the liability of the defendant was denied by two of the five members of the court.

We have referred to City v. Smith, supra, as exceptional. There the city authorities negligently allowed the catch basin of a hy-

drant to become clogged and filled up; and then they became actively negligent in flushing the hydrant, so that the water ran into the street, and upon the aprons at the crossings, where it froze, and made "a hill of ice," upon which plaintiff fell in the nighttime.

The case before us is not one where, after negligently allowing the gutter or waterway to become filled up, the authorities themselves turned the water upon the walk, where it froze in the manner above mentioned; and the case is not in point here. There is no dispute over the facts now under consideration. The gutter or waterway had been obstructed by ice for about one month prior to March 17, 1896. That afternoon, for the first time, so far as appears from the evidence,—all of which is before us,—the water flowed outside of the gutter, and upon the walk. At night the temperature fell to such a degree that a smooth sheet of ice was formed, upon which plaintiff fell about daylight the next morning. It was not shown that the authorities had actual notice or reason to suppose that water would flow upon the walk, and, of course, the presence of ice at that particular point for less than 15 hours could not operate as constructive notice of the defect, if defect it was. In the absence of notice, actual or constructive, to the municipality, that ice usually formed at that place, because of the negligence mentioned, or, at least, in the absence of notice that ice might so form, and cause the walk to become dangerous, the plaintiff could not recover.

Order affirmed.

CANTY, J.

I concur in the foregoing opinion except the part of the closing sentence after the words "at least," in both the syllabus and opinion. The city should not, in my opinion, be held liable unless its negligence in permitting the sewer to be obstructed has caused a recurrence of the dangerous condition of the sidewalk. The principle is the same as that laid down in Tate v. City, 56 Minn. 527, 58 N. W. 158.