PYMM v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

MUNICIPAL CORPORATIONS—ICY SIDEWALK—INJURIES—LIABILITY.

    A city is liable for injuries to a pedestrian, who slipped on an icy pavement, though the accident occurred in front of school property in control of the board of education and the accumulation of ice was owing to leakage from a water-closet in the schoolyard.

    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1626–1628.]

Appeal from Trial Term, Kings County.

Action by Mary Pymm against the city of New York. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

Edmund C. Viemeister, for appellant.

James W. Covert (James D. Bell, on the brief), for respondent.

HOOKER, J.   At the close of the evidence the court dismissed the complaint on the ground that no negligence had been shown against the city of New York, on the theory that the board of education is a separate corporation charged with the maintenance of all school buildings and schoolhouses, and that the city of New York is not responsible for the acts of the educational department.

The evidence offered upon the trial tended to show that on the 4th day of February, 1902, the plaintiff, accompanied by her husband, slipped and fell on ice which had accumulated on North Fifth street, near Driggs avenue, in the borough of Brooklyn.   The sidewalk was built of flagstone.   The place where the accident occurred was in front of property used and occupied by the board of education for school purposes.   The place where the plaintiff fell was directly in front of a water-closet in the school yard, which had been either in improper repair, of faulty construction, or misused, so that for some weeks or months prior to the accident water had flowed with greater or less frequency and in more or less volume over the sidewalk, forming a plate of ice, somewhat irregular in outline and about an inch thick at its deepest part.   The plaintiff said that she had not seen any ice at all as she was coming along, and that the sidewalk was clear of ice as she remembered it.   She slipped and fell, however, on this accumulation of ice, and suffered a simple fracture of both bones about two inches above the ankle joint of the right leg.   There is evidence tending to show that this same ice had been accumulating for two weeks back, and probably more.   In warmer weather water flowed directly across the sidewalk; in freezing weather it took the form of ice.   It was stipulated that this district was patrolled.

There can be no doubt that the board of education of the city of New York is a corporation independent of the municipal corporation itself, the city of New York.   Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106.   But this fact cannot be considered as a premise even remotely connected with the conclusion that the defendant is liable in this case.   The amended charter (chapter 466, Laws 1901) gives to the board large powers, and imposes on it many duties and obligations; but the charter will be searched in vain to find any suggestion that the city of New York itself was to be relieved from the duty it owed to pedestrians properly to maintain the public highways and sidewalks.   It is alleged in the complaint, and not denied, that at the time of the accident the defendant was a municipal corporation, having control of North Fifth street at or near Driggs avenue, both of which are public highways in the borough of Brooklyn.   It was said in Hutson v. City of New York, 9 N. Y. 163, 167, 59 Am. Dec. 526:

"It requires no argument to prove that it is the duty of the defendants to see that the public streets of this densely crowded city are kept in repair; for, where a public body is clothed by statute with power to do an act which concerns the public interests, the execution of the power may be insisted on as a duty."

See, also, Conrad v. Trustees of the Village of Ithaca, 16 N. Y. 158; Weet v. Trustees of the Village of Brockport, 16 N. Y. 161, note; Congreve v. Smith, 18 N. Y. 79; Davenport v. Ruckman, 37 N. Y. 568.

The evidence tended to show that the plaintiff was free from contributory negligence, that the city had had constructive notice of the dangerous condition of the sidewalk, and that it was negligent in permitting the condition which had existed to remain uncorrected; and because this negligence was primarily imputable to the defendant, the city of New York, and because that liability has not been limited by statute, the case should have been submitted to the jury.

The judgment and order appealed from should therefore be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.