## JOHN H. THOORSELL v. CITY OF VIRGINIA.[1]

July 20, 1917.

Nos. 20,406—(197).

**Municipal corporation — unguarded hole in pavement — liability of city.**

In this action to recover for injuries sustained by plaintiff from tripping and falling in a hole in a city street, it is *held:*

[1] Reported in 163 N. W. 976.

(1) The evidence justified a finding that defendant was negligent in not guarding or lighting the hole at night.

(2) Plaintiff was not guilty of contributory negligence as a matter of law and the evidence sustains the finding of the jury that he was not.

(3) The damages are not excessive.

Action in the district court for St. Louis county to recover $10,000 for personal injuries. The answer among other matters alleged that defendant is a municipal corporation subject to the terms of chapter 84 A, G. S. 1913, and acts amendatory thereof, known as the Workmen's Compensation Act; that the plaintiff herein was an employee of one John Mesberg in defendant city; that the injury complained of was received in the course of and arising out of his said employment; that said John Mesberg and the plaintiff herein were both subject to the terms of that act. The case was tried before Hughes, J., who denied defendant's motion for an instructed verdict, and a jury which returned a verdict for $2,500. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order, for judgment, defendant appealed. Affirmed.

*S. S. Dahl,* City Attorney, and *Montague & Montague,* for appellant.

*Archer & Pickering,* for respondent.

BUNN, J.

Plaintiff recovered a verdict of $2,500 for the injuries received in the accident involved in this case. Defendant appeals from an order denying its motion for judgment non obstante, or for a new trial.

The usual questions were argued, negligence, contributory negligence, damages. The following is an outline of the facts as the jury was justified in finding them:

Central avenue, one of the principal streets in the defendant city, has a bithulithic pavement. September 10, 1915, a piece of this pavement was taken up to enable a property owner to install a water pipe. The hole thus made started about 6 feet from the westerly curb, extended 6 feet towards the middle of the street, was 2 feet in width, and 4 inches deep. The slab of paving material taken out was placed on a strip between the street and the sidewalk. From September 10 to September 17, the hole was protected by a railing and by red lights at night. The work of install-

ing the water pipe was completed at the last named date, the city filled the hole with sand and gravel, and took away the railing and lights. The slab of paving material was not replaced, the object of this being to allow the fill in the hole to thoroughly settle before the concrete base and bithulithic cap were replaced. This condition continued until the evening of October 19, 1915, the time of the accident.

Plaintiff resided in a flat on Central avenue nearly opposite the point where this hole was. Shortly after 6 o'clock in the evening of October 19, he was being taken to his home on the rear seat of a motorcycle driven by a fellow employee. When opposite the flat the motorcycle slackened its speed to 2 or 3 three miles an hour, and plaintiff stepped off on the left-hand side with his face toward the wheel. He turned around and had taken 3 or 4 steps in the direction of the flat when he stepped into the hole in the pavement, fell and sustained serious injuries. The evidence, while conflicting, would warrant a finding that the hole was 4 inches deep at this time. It was dusk, and plaintiff did not see the hole or think of its being there.

1. We are of the opinion that the question whether the city was negligent in permitting this hole in the street to remain unguarded and without warning lights at night was, on the evidence, for the jury to decide, and that we ought not to disturb its decision that the city was guilty of a breach of its duty to the people using the street. No question of notice to the city of the defect is involved. We do not say that defendant was negligent but simply that the question was one for the jury to pass upon, and that its decision is not so manifestly wrong as to warrant our setting it aside after the trial court has approved it. It is not difficult to see how such a hole in the pavement of a busy street might be a danger to persons traveling along it, especially after dark. The evidence was that the loose dirt and gravel placed in the hole when the barrier and light were taken away, was constantly being thrown out by passing vehicles, was replaced from time to time, but that at the time plaintiff met his accident the depression was something like 4 inches. Before the hole was filled the city recognized that it was dangerous and placed barriers and lights there. It would seem to have been hardly less dangerous after the loose material was filled in.

Counsel for defendant claim that, as the hole was some 40 feet from the corner crossing and as there were good sidewalks on both sides, the city had no reason to anticipate that the part of the street where the hole was would be used by pedestrians, and therefore was under no obligation to guard or light it for their benefit. This assumes that pedestrians have no right to use the street outside of the sidewalks except at crossings. We are unable to hold this. It is not in accord with the authorities or with common sense. As said by the trial court in its charge to the jury, it is true that the use of the street outside of the sidewalk is primarily for traffic by teams and other vehicles, and the use of the sidewalk primarily for pedestrians, but pedestrians still have the right to use the street when the necessity arises. It has never been held, to our knowledge, that they have not such right, or that the duty of a municipality to use reasonable care to keep the streets in a safe condition does not extend to making them reasonably safe for pedestrians who have occasion to be upon that portion of the street ordinarily traveled by vehicles. The question has been generally one of whether it was contributory negligence per se for a pedestrian to cross a street at a place other than a regular crossing, and it has quite uniformly been held that it was not. The same authorities are conclusive on the question of whether the city owes any duty to the pedestrian except to keep its sidewalk and crossings safe. Collins v. Dodge, 37 Minn. 503, 35 N. W. 368; 2 Notes on Minn. Reports, 1132.

2. It is not so clear that plaintiff was guilty of a want of ordinary care contributing to the accident that we feel justified in saying either that it is conclusive that he was, or that the verdict is not sustained by the evidence.

As to plaintiff's use of this portion of the street, instead of using the crossing, in addition to Collins v. Dodge, supra, and the authorities cited in the note to this case above referred to, the cases everywhere are quite unanimous that the question is one of fact. The following cases, cited by counsel for plaintiff, are in point: Raymond v. City of Lowell, 6 Cush. (Mass.) 524, 53 Am. Dec. 57; Baker v. City of Grand Rapids, 111 Mich. 447, 69 N. W. 740; Finch v. Village of Bangor, 133 Mich. 149, 94 N. W. 738; Finnegan v. City of Sioux City, 112 Iowa, 232, 83 N. W. 907; City of Louisville v. Haugh, 157 Ky. 643, 163 N. W. 1101. It is clear also that the degree of care required of plaintiff was ordinary care. Of course

in determining whether he used ordinary care, all the circumstancs are to be considered.

It is contended that plaintiff was negligent because he had knowledge that the hole was there. He probably did have such knowledge, though only in the same way that any resident on a street has knowledge of its defects. He did not have the existence of the hole in mind, when after alighting from the motorcycle he started for the flat building where he lived. This is not at all surprising or unusual, and it is almost elementary that the fact that he had such knowledge does not charge plaintiff with contributory negligence as a matter of law. It is hardly necessary to refer to authorities on this point, but we cite Maloy v. City of St. Paul, 54 Minn. 398, 56 N. W. 94; 3 Notes on Minn. Reports, 1020. Considering all the evidence as to how the accident happened we think a verdict either way would have to be sustained.

3. We are unable to say that the damages were excessive. We will not refer in detail to the injuries received by plaintiff. If the jury accepted plaintiff's version of them, how they occurred, the pain, the fracture of the thigh bone and the permanent shortening of the leg, as the evidence justified it in doing, the award made was not palpably in excess of fair compensation.

Order affirmed.