## M. A. NICHOLS v. VILLAGE OF BUHL.

### EDITH C. NICHOLS v. VILLAGE OF BUHL.[1]

July 7, 1922.

Nos. 22,941, 22,942.

**Village negligent in leaving ice on sidewalk.**

1. A number of people residing near the village hall in defendant village were permitted to take their water supply from a water tap within the building, from which it was carried in pails to their homes or places of business, spilling quantities of the water upon the sidewalk in front of the building, which froze in small patches of ice, ren-

[1]Reported in 189 N. W. 407.

dering the walk dangerous and unsafe for use. It is *held* that the evidence justified the jury in finding negligence on the part of the village in failing to remove the ice and restore the walk to safe condition within a reasonable time after notice of the facts.

### Village liable for conditions artificially created.

2. The conditions thus existing were of artificial creation, subjecting the village to the burden of removing the same, and to liability for its negligent failure to do so.

### Case within rule where liability attaches for failure to remove uneven ice from walks.

3. The facts bring the case within the rule applicable to streets and sidewalks whereon ice and snow has by travel and otherwise frozen into ridges and uneveness to such an extent as to render the walk unsafe for use, which the municipality negligently fails to remedy.

### Contributory negligence question for jury.

4. The evidence made the question of contributory negligence one for the jury, the damages are not excessive, and the record presents no reversible error.

Actions in the district court for St. Louis county, one by the husband to recover $10,000 for loss of services and companionship of his wife resulting from her falling on an icy sidewalk in defendant village; the other by the wife to recover $15,000 for her injuries. The cases were tried together before Freeman, J., who when plaintiffs rested denied defendant's motions to dismiss the actions, and a jury which returned verdicts for $1,200 and $8,000, respectively. Defendant's motions for judgments notwithstanding the verdicts or for new trials, were denied. From the judgments entered pursuant to the verdicts, defendant village appealed. Affirmed in each case.

*Austin & Austin, Charles T. Wagensteen, A. R. Folsom* and *L. R. Simons*, Village Attorney, for appellant.

*M. H. McMahon* and *Boyle & Montague*, for respondents.

BROWN, C. J.:

These two actions, by husband and wife, one by the wife for personal injuries received as a result of a fall on one of the sidewalks

in defendant village, alleged to have been in a defective condition; the other by the husband for loss of the services of the wife during the period of her disability, were tried together, resulting in a verdict for plaintiff in each. Judgment was rendered accordingly and defendant appealed.

The facts are not in substantial dispute; at least the evidence is ample to sustain the allegations of the complaint as to the cause of the injury complained of and the nature and character thereof. Mrs. Nichols fell on the icy sidewalk in front of the village hall, thereby sustaining serious injuries, from which she was confined to her home for a considerable time, and from which at the time of the trial, something over a year later, she had not fully recovered. It is charged in the complaint that on December 10, 1919, and for several weeks prior thereto, defendant, in connection with its waterworks system, permitted and allowed residents in the vicinity of the village hall to draw water from the water taps therein, which they carried away to their homes or places of business in pails, causing quantities thereof to be spilled on the sidewalk immediately in front of the building, the point where plaintiff was injured, which froze small patches, rendering the walk dangerous and unsafe for pedestrians. It is also charged that the village was negligent in that respect, and negligent also in not removing the dangerous conditions thus created; of which it had, through its officers and agents, full notice.

The questions raised in support of the appeal are: (1) That the facts fail to make a case of negligence against the village; (2) contributory negligence on the part of Mrs. Nichols; and (3) that the damages awarded to Mrs. Nichols are excessive.

1. The general rule of municipal liability for injuries caused by the unsafe condition of its streets and sidewalks, occasioned by the presence of ice and snow thereon, is well settled in this state, and in harmony with the prevailing rule elsewhere. The rule is that the municipality is not liable for mere slipperiness resulting from the natural accumulation thereon of ice and snow, however dangerous to pedestrians the situation thus created may be. Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026. But the rule has its

exceptions and does not protect the municipality in the case where an accumulation of ice and snow is negligently permitted to remain for such length of time as to cause the formation thereon by artificial means, of slippery and dangerous ridges, depressions and irregularities to such an extent to render the street or sidewalk dangerous and unsafe for use. Where conditions of that kind flow from the neglect of the municipality seasonably to remove accumulated ice and snow, there is liability. Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141; Genereau v. City of Duluth, 131 Minn. 92, 154 N. W. 664.

The authorities differentiate between conditions arising from natural causes; causes over which the municipality has no control, illustrated by the falling of snow and sleet from the clouds, and those of artificial creation. Evans v. City of Concordia, 74 Kan. 70, 85 Pac. 813, 7 L. R. A. (N. S.) 933; Bull v. City of Spokane, 46 Wash. 237, 89 Pac. 555, 13 L. R. A. (N. S.) 1105; Holbert v. Philadelphia, 221 Pa. St. 266, 70 Atl. 746, 20 L. R. A. (N. S.) 201, and notes. If of artificial origin it is immaterial whether the result springs from acts or omissions of the officers and agents of the municipality, or from the acts of third persons. Where the conditions arise from the acts of third persons, whether the adjoining property owner or otherwise, there is liability on the part of the municipality, if the dangerous conditions were known to its officers having such matters in charge, or existed and remained for such length of time as to constitute constructive notice. Stanke v. City of St. Paul, 71 Minn. 51, 73 N. W. 629; Magaha v. Hagerstown, 95 Md. 62, 51 Atl. 832, 93 Am. St. 412; Reedy v. St. Louis Brewing Assn. 161 Mo. 523, 61 S. W. 859, 53 L. R. A. 805; Waltemeyer v. Kansas City, 71 Mo. App. 354; City of Muncie v. Hey, 164 Ind. 570, 74 N. E. 250; Pymm v. City of New York, 111 App. Div. 330, 97 N. Y. Supp. 1108; Scoville v. Salt Lake City, 11 Utah, 60, 39 Pac. 481. This is settled law in this country and leaves in the case at bar, so far as concerns the merits of the controversy, the single inquiry whether the evidence shows a right of recovery within the rule. We answer it in the affirmative, holding that the question is one of fact for the jury.

The evidence makes it clear that those residing near the village hall were permitted to take their supply of water from water taps therein, carrying it therefrom in pails, some of which was spilled onto the sidewalk, freezing thereon in small patches, rendering the same exceedingly unsafe. This had continued for a considerable time, and the jury were justified in finding that the proper officers of the village had full knowledge of the facts. They were presumably present at the village hall daily and in position to know of the situation. The permission given to take water from the village hall is not to be treated as an element of negligence in the case; the actionable negligence consists in the failure of the village to remove from the sidewalk the dangerous conditions which resulted therefrom, after knowledge of the facts. It is quite clear that small patches of ice upon a sidewalk are far more treacherous and deceptive than rough and uneven frozen ice and snow covering the entire walk, and the case cannot be distinguished from those conditions, where negligence is shown. Both are created by artificial means, and not from natural causes.

2. The issue of contributory negligence was one of fact for the jury. The rule of reasonable care does not impose upon the pedestrian in the use of the public streets and sidewalks a constant vigilance to discover and guard against defects therein; he may assume that they are in safe condition for use and direct his attention in part to other dangers naturally to be anticipated. The patches of ice here involved were not so plainly observable as to charge plaintiff with contributory negligence as a matter of law in not discovering them. Bowen v. City of St. Paul, supra, page 123; Thoorsell v. City of Virginia, 138 Minn. 55, 163 N. W. 976. The damages are not excessive.

This disposes of the case. We have considered all the assignments of error and find no sufficient reason for disturbing the verdicts, and the judgments will therefore be affirmed.