## ETHEL M. FREEMAN v. VILLAGE OF HIBBING.[1]

December 17, 1926.

No. 25,599.

**Negligence respecting ice and snow not proven.**
1. The evidence was insufficient to prove that the defendant was negligent in permitting ice and snow to accumulate upon its sidewalk.

**Negligence respecting lighting of streets not proven.**
2. Negligence of the village was not shown in failing to have its streets sufficiently lighted.

**Refusal to amend complaint sustained.**
3. There was no error in refusing the plaintiff permission to amend the complaint by alleging a negligent plan of construction of a sidewalk.

**Refusal to amend complaint sustained.**
4. There was no error in refusing the plaintiff permission to amend

[1] Reported in 211 N. W. 819.

the complaint by alleging that the defendant was negligent in permitting the artificial accumulation of ice and snow upon its sidewalk.

Municipal Corporations, 28 Cyc. p. 1403 n. 48; p. 1495 n. 91.
Pleading, 31 Cyc. p. 371 n. 22; p. 402 n. 12.

Plaintiff appealed from an order of the district court for St. Louis county, Freeman, J., denying her motion for a new trial. Affirmed.

*Power, Hario & Mulvahill,* for appellant.

*C. G. Anderson,* Village Attorney, and *Lewis & Hunt,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff on November 24, 1923, when she slipped and fell on a sidewalk in Hibbing. The action was dismissed at the close of the plaintiff's testimony. She appeals from the order denying her motion for a new trial.

1. The allegations of the complaint are that defendant negligently allowed snow, ice and rubbish to accumulate on the sidewalk creating an "uneven, ridged and slippery" condition. The pleader's purpose was to bring the case within such cases as Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026; Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141. An examination of the evidence brings us to the conclusion that it is not sufficient to justify a recovery upon the ground that the city had allowed the sidewalk to become in a ridged or uneven condition. There was slipperiness, some accumulation of snow, some roughness, but nothing of the definite and pronounced character necessary to sustain a finding of the village's negligence.

2. Negligence is alleged in a failure to maintain sufficient lights. The duty to light its streets is not imposed upon the village by law, nor do we see any failure in respect of the lights which amounted to want of ordinary care. There could be no recovery upon this ground. Bojko v. City of Minneapolis, 154 Minn. 167, 191 N. W. 399; McHugh v. City of St. Paul, 67 Minn. 441, 70 N. W. 5; Miller v. City of St. Paul, 38 Minn. 134, 36 N. W. 271.

3. At the close of the testimony the plaintiff moved to amend the complaint by alleging that there was a defect in the plan of construction of the sidewalk. The sidewalk presents a familiar situation. The street ran in a generally northerly and southerly direction. On the adjoining property to the east was an oil station of the Northern Oil Company. The sidewalk opposite the pumps was a so-called island, 12 feet wide, extending north and south 20 feet and substantially level. Extending north and south of the island there was a six-foot walk, and west to the street were slopes, so that autos might have access across the sidewalk to and from the station. There is nothing, so far as we can see, indicating that the plan of construction was not proper. If so, there was no error in denying the motion to amend which was to make the allegations conform to the evidence upon issues voluntarily litigated. Besides, it does not seem that the issue was litigated voluntarily, and the allowance of the amendment at the most was discretionary. Gracz v. Anderson, 104 Minn. 476, 116 N. W. 1116.

4. The plaintiff asked to amend by alleging that ice and snow accumulated on the sidewalk in part through artificial means. The purpose was to show negligence in the defendant in permitting ice to be formed and remain on the sidewalk caused by melting snows coming from the property of the Northern Oil Company adjacent to the east and from the tracks of the Great Northern which cross the street southerly of the place of the accident. The effort was to bring the case within Nichols v. Village of Buhl, 152 Minn. 494, 189 N. W. 407, 193 N. W. 28, and Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354; and so to permit a recovery though there was none because of the natural accumulation of ice and snow on the sidewalk. Conceding that the issue was voluntarily litigated, so that the amendment should have been allowed, we are unable to see that the plaintiff's condition would be helped. We fail to see that the evidence, taking both natural and artificial accumulations, shows a negligent condition.

Order affirmed.