Donald H. OTIS, Jr., et al., Appellants,

v.

ANOKA–HENNEPIN SCHOOL
DISTRICT NO. 11,
Respondent.

No. C5–99–2064.

Court of Appeals of Minnesota.

June 13, 2000.

Thomas M. Fitzpatrick, Randall, Dehn & Goodrich, Anoka, for appellants.

D. Scott Ballou, Louise A. Behrendt, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, PETERSON, Judge, and HUSPENI, Judge.*

## OPINION

PETERSON, Judge

Appellants Donald H. Otis and his wife sued respondent Anoka–Hennepin Independent School District No. 11 for negligence after Otis slipped on an icy sidewalk in front of a school and was injured. The school district was granted summary judg-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

ment based on the "mere slipperiness" rule. In this appeal from the summary judgment, Otis argues that the "mere slipperiness" rule does not apply because the ice on the sidewalk was caused by an artificial condition created by the school district. We affirm.

## FACTS

Otis went to swim at a swimming pool in a school that is owned and operated by Anoka–Hennepin Independent School District No. 11. When Otis entered the school, he did not notice any snow or ice on the sidewalk leading from the school to the parking lot. When Otis left the school an hour and a half later, he slipped and fell on a one foot by three feet patch of thin, clear, and smooth ice that had formed on the sidewalk.

The sidewalk leading from the school to the parking lot separated into two sections. Between the sections, there was a landscaped area that contained a tree and four or five large boulders on a concrete base. Snow from the adjacent sidewalks was often blown or shoveled into the landscaped area.

Otis sued the school district, alleging that he suffered a severe and permanent injury as a result of the school district's negligence and carelessness in the inspection, maintenance, and repair of the area where he fell and in its failure to maintain the area in a reasonably safe condition. Otis's wife asserted a claim for loss of services, society, and companionship. The school district moved for summary judgment, arguing that under the common law "mere slipperiness" doctrine, it was not liable. Otis argued that the "mere slipperiness" rule did not apply because the ice on the sidewalk was caused by the artificial accumulation of snow that the school district created in the landscaped area. For purposes of the summary judgment motion

Minn. Const. art. VI, § 10.

and this appeal, the school district assumed that the ice on the sidewalk was created when snow in the landscaped area melted, ran onto the sidewalk, and froze. The district court concluded that under the "mere slipperiness" doctrine, the school district was not liable for Otis' injuries and granted the motion for summary judgment.

### ISSUE

Is an accumulation of snow that is created by shoveling or blowing snow from a municipal sidewalk into an area adjacent to the sidewalk an artificial condition that makes a municipality liable for mere slipperiness that occurs when the accumulated snow melts, runs onto the sidewalk, and freezes?

### ANALYSIS

On appeal from a summary judgment, this court must review the record to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). When reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmoving party. *Id.*

**The "Mere Slipperiness" Rule**

Under the "mere slipperiness" rule, a

municipality is not liable for mere slipperiness resulting from the natural accumulation [on streets and sidewalks] of ice and snow, however dangerous to pedestrians the situation thus created may be. But the rule has its exceptions and does not protect the municipality in the case where an accumulation of ice and snow is negligently permitted to remain for such length of time as to cause the formation thereon by artificial means, of slippery and dangerous ridges, depressions, and irregularities to such an extent as to render the street or sidewalk dangerous and unsafe for use. Where conditions of that kind flow from the

neglect of the municipality seasonably to remove accumulated ice and snow, there is liability.

The authorities differentiate between conditions arising from natural causes, causes over which the municipality has no control, illustrated by the falling of snow and sleet from the clouds, and those of artificial creation. If of artificial origin it is immaterial whether the result springs from acts or omissions of the officers and agents of the municipality, or from the acts of third persons. * * * It is quite clear that small patches of ice upon a sidewalk are far more treacherous and deceptive than rough and uneven frozen ice and snow covering the entire walk, and the case cannot be distinguished from those conditions, where negligence is shown. Both are created by artificial means, and not from natural causes.

*Nichols v. Village of Buhl,* 152 Minn. 494, 496–98, 193 N.W. 28, 29–30 (1922) (citations omitted).

In *Nichols,* village residents were permitted to take water in buckets from taps in the village hall. *Id.* at 496, 193 N.W. at 29. Some of the water spilled onto the sidewalk and froze in small patches. *Id.* After a woman slipped on one of the patches of ice and was injured, she and her husband sued the village. *Id.* at 495–96, 193 N.W. at 29. The supreme court concluded that the village could be held liable. *Id.* at 498, 193 N.W. at 29–30.

Otis argues that because custodians blew or shoveled snow into the landscaped area, the resulting accumulation of snow was not a natural accumulation. Consequently, the ice created when the shoveled snow melted and ran across the sidewalk was caused by an artificial condition, and, as in *Nichols,* the school district may be held liable.

The supreme court rejected a similar argument in *Freeman v. Village of Hibbing,* 169 Minn. 353, 211 N.W. 819 (1926), shortly after *Nichols* was decided. In

*Freeman,* the plaintiff slipped and fell on a municipal sidewalk. *Id.* at 354, 211 N.W. at 819. The plaintiff's evidence showed that there "was slipperiness, some accumulation of snow, some roughness, but nothing of the definite and pronounced character necessary to sustain a finding of the village's negligence." *Id.* The case was dismissed after the plaintiff's testimony. *Id.* In an attempt to bring the case within *Nichols,* the plaintiff asked to amend her complaint "by alleging that ice and snow accumulated on the sidewalk in part through artificial means." *Id.* at 355, 211 N.W. at 819–20. The plaintiff's allegation was that the village was negligent "in permitting ice to be formed and remain on the sidewalk caused by melting snows coming from [adjacent and nearby] property." *Id.* The supreme court conceded that the amendment should have been allowed because the issue was voluntarily litigated, but, nevertheless, affirmed the dismissal because the court failed "to see that the evidence, taking both natural and artificial accumulations, show[ed] a negligent condition." *Id.,* 211 N.W. at 820. In other words, even though the condition was caused, in part, by an artificial accumulation, the supreme court concluded that the condition of the sidewalk was not severe enough to establish that the village was negligent. The artificial accumulation was not, by itself, sufficient to make the "mere slipperiness" rule inapplicable.

In *Freeman,* the court did not indicate how the artificial accumulation of snow occurred. But we conclude that if there are any circumstances where a municipality should not be liable for injuries caused when an artificial accumulation of snow melts, runs onto a sidewalk, and freezes, a municipality should not be liable when the artificial accumulation occurs because the municipality shoveled the sidewalk.

Our conclusion is consistent with the "mere slipperiness" rule and its exceptions. We recognize that an accumulation of shoveled snow is an artificial condition. But in the context of the "mere slipperi-ness" rule, an accumulation of shoveled snow is a necessary, and desired, artificial condition. An accumulation of shoveled snow is produced when a municipality clears its sidewalks, which is the very activity that the "mere slipperiness" rule and its exceptions are intended to promote. If a municipality can be held liable under an exception to the "mere slipperiness" rule because it failed to remove snow from a sidewalk, it would be incongruous to also hold the municipality liable because it removed snow from a sidewalk.

Our conclusion is also consistent with the supreme court's holding in *Doyle v. City of Roseville,* 524 N.W.2d 461, 463–64 (Minn.1994), and with the rationale for the mere slipperiness rule, which the court restated in *Doyle.* In *Doyle,* a woman slipped and fell in an icy parking lot that served a municipal ice arena. *Id.* at 462. The supreme court held that

> there is no basis for departing from the "mere slipperiness" rule. The plaintiff herself saw no ice in the parking lot when she arrived at about 7 p.m.; she said that she saw water from melting snow running in the parking lot. Three hours later the running water had turned to what the plaintiff describes as smooth glare ice. Whether the ice had formed 2 hours or 5 minutes before the plaintiff's unfortunate tumble is unknown, but it is readily apparent that it had not remained there long enough for the formation of ridges, hummocks, depressions or other irregularities on which municipal liability is founded.

*Id.* at 464.

The *Doyle* opinion does not indicate whether the water from melting snow running in the parking lot was from a natural accumulation of snow or from snow that had been shoveled or plowed into piles. But the court's explanation of its holding suggests that this factual distinction had no bearing on the holding.

In *Doyle,* the court explained that the first application of the "mere slipperiness"

rule in Minnesota occurred in *Henkes v. City of Minneapolis,* 42 Minn. 530, 44 N.W. 1026 (1890). *Doyle,* 524 N.W.2d at 463. The court further explained that, "Mr. Henkes did not claim the sidewalk was obstructed but only that he had slipped on an icy sidewalk." *Doyle,* 524 N.W.2d at 463. The court then quoted from *Henkes,* where Justice Mitchell set out the rule:

> Upon such a state of facts, there can be no recovery against the city, unless it is the duty of such municipalities to keep their sidewalks clear of ice. In this climate such a thing would be a physical impossibility, and an attempt to do it would involve an amount of expense that would bankrupt any city. No court has ever held that reasonable care required an attempt to do any such thing. An unbroken line of authorities holds that mere slipperiness of a sidewalk by either ice or snow is not a defect for which cities are liable; that their obligation to keep their streets in a safe condition does not extend to the removal of ice which constitutes no other defect than slipperiness.

*Id.* (quoting *Henkes,* 42 Minn. at 532, 44 N.W. at 1027).

The sidewalk where Otis fell was not obstructed; it was only slippery. It is assumed that the slipperiness was caused when an accumulation of shoveled snow melted, ran onto the sidewalk and froze. But in Minnesota, it would be unrealistic and overly burdensome to hold that the "mere slipperiness" rule does not apply under these circumstances simply because the accumulation of shoveled snow is an artificial condition created by the school district. Such a rule would require municipalities to not only shovel snow from sidewalks but also to place the shoveled snow in a place where it could not run onto a sidewalk when it melts or to stand ready to remove any ice that forms on the sidewalk when the shoveled snow melts. Even if meeting this requirement were physically possible, any attempt to do so would be prohibitively expensive. Thus, there is no basis to conclude that the "mere slipperiness" rule is inapplicable simply because the slipperiness occurred when the accumulation of shoveled snow in the landscaped area melted, ran onto the sidewalk, and froze.

## DECISION

Because the accumulation of snow that caused the ice on the sidewalk where Otis fell was created when the school district shoveled or blew snow from the sidewalk into the landscaped area and the ice was thin and smooth, the school district is not liable for the mere slipperiness of its sidewalk.

**Affirmed.**