Charles J. **RODENWALD,**
et al., Appellants,

v.

**STATE of Minnesota DEPARTMENT OF NATURAL RESOURCES,**
Respondent.

No. A09–919.

Court of Appeals of Minnesota.

Jan. 19, 2010.

James B. Peterson, Andrew P. Pierce, Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, MN, for appellants.

Lori Swanson, Attorney General, Anna E. Jenks, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by STAUBER, Presiding Judge; TOUSSAINT, Chief Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellants Charles and Gayle Rodenwald challenge the district court's grant of summary judgment in favor of respondent State of Minnesota Department of Natural Resources (DNR), arguing that the mere-slipperiness rule does not apply to their claim that state employees were negligent. Because the rationale requiring the rule applies equally to claims stated against municipal and state entities, and because

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

we find no merit in appellants' other contentions, we affirm.

## FACTS

On March 15, 2007, Charles Rodenwald was on the job for Auto Glass Specialists, a company hired by DNR to replace two windshields at a DNR facility. Rodenwald got out of his van in a driveway at a DNR garage in Orr. He took one or two steps before slipping on ice that he had not previously noticed, falling, and sustaining injuries. After falling, Rodenwald saw the ice on which he slipped, which he stated was "clear," "slippery," and "smooth."

Appellants sued DNR in 2008, alleging that DNR employees negligently allowed ice to accumulate on the driveway. The district court granted DNR's summary judgment motion, concluding that the state agency's liability must be determined under the mere-slipperiness rule, which precluded recovery by appellants on the uncontested facts.

## ISSUE

Did the district court err in applying the mere-slipperiness rule to appellants' negligence claim against DNR?

## ANALYSIS

Summary judgment is appropriate if there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. In determining whether summary judgment was properly granted, we review de novo "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76–77 (Minn. 2002).

### 1. State Agency Tort Liability

■ The Minnesota Supreme Court established the mere-slipperiness rule over a century ago, holding that a city's common-law duty to exercise reasonable care in maintaining the safety of public roads and sidewalks does not require it to keep sidewalks clear of ice. *Henkes v. City of Minneapolis*, 42 Minn. 530, 531–32, 44 N.W. 1026, 1027 (1890). A plaintiff does not establish a cause of action if "nothing but the slipperiness" causes the accident. *Id.* at 532, 44 N.W. at 1027. Rather, there must be "such accumulation of ice as to constitute an obstruction to travel," or "ridges or irregularities of such height, or lying at such inclination or angle, as would be likely to trip passengers, or cause them to fall." *Id.* The court reasoned that it is a "physical impossibility" in Minnesota's climate to keep sidewalks clear of ice, and that the expense of attempting to do so "would bankrupt any city." *Id.* at 531, 44 N.W. at 1027.

Appellants argue that the mere-slipperiness rule does not apply to DNR, relying on the supreme court's language in *Doyle v. City of Roseville*, which articulates the rule in terms of a "municipality":

> The line of cases begun with *Henkes* has remained unbroken.... A municipality has never been held liable for injuries sustained in a fall on newly formed glare ice although a municipality is liable if it negligently permits an accumulation of ice and snow to remain on a sidewalk for such a period of time that slippery and dangerous ridges, hummocks, depressions, and other irregularities develop there.

524 N.W.2d 461, 463 (Minn.1994).

■ We have not discovered a case deciding whether the mere-slipperiness rule applies to a state defendant, but it is evident that the rule's rationale—to avoid imposing on the government a physically

impossible or financially unreasonable burden—applies with equal force to the state. *See Otis v. Anoka–Hennepin Sch. Dist. No. 11*, 611 N.W.2d 390, 394 (Minn.App. 2000) (stating rationale). This is true of state driveways, parking ramps, and other areas of transportation and access.

We also are mindful that the law generally treats claims of state torts the same as claims of municipal torts. In various other contexts, the supreme court has recognized that there is no legitimate reason to distinguish between the state and a municipality. In *Glassman v. Miller*, the court struck down a statutory provision that created a procedural hurdle for tort victims who sued municipalities that did not exist for tort victims who sued the state. 356 N.W.2d 655, 656 (Minn.1984). The court held that the statute violated equal protection because there is no rational basis for distinguishing between municipal and state tortfeasors. *Id.* Similarly, the court prospectively overruled state and municipal sovereign tort immunity, offering substantially the same reasons in each case. *Nieting v. Blondell*, 306 Minn. 122, 235 N.W.2d 597 (1975) (state); *Spanel v. Mounds View Sch. Dist. No. 621*, 264 Minn. 279, 118 N.W.2d 795 (1962) (municipalities);

■ Contrary to appellants' argument, we do not believe that the mere-slipperiness rule has been statutorily abrogated. Appellants contend that the rule extends sovereign immunity and was abrogated by the statutes governing state and municipal tort liability. *See* Minn.Stat. §§ 3.736 (state), 466.03 (municipal) (2008). They contend that the rule was codified in the municipal but not the state statute. *See* Minn.Stat. § 466.03, subd. 4. But the mere-slipperiness rule does not confer immunity; as we observed earlier, it constricts a duty of care, recognizing that there is neglect of duty only if the governmental entity permits an accumulation of

snow and ice for such a time that dangerous ridges, irregularities, or other obstructions to travel develop. *Doyle*, 524 N.W.2d at 463; *Henkes*, 42 Minn. at 531–32, 44 N.W. at 1027.

■ Statutes are presumed to leave the common law intact absent clear statutory language to the contrary. *Shaw Acquisition Co. v. Bank of Elk River*, 639 N.W.2d 873, 877 (Minn.2002). Appellants cite no such language here. Moreover, the supreme court has expressly held that the mere-slipperiness rule was not abrogated by the municipal-tort-liability statute. *Doyle*, 524 N.W.2d at 463–64 (declining to decide whether city was immune because it was not negligent under the mere-slipperiness rule).

Appellants assert that the mere-slipperiness rule does not apply because it contains an invitee exception, and Rodenwald was invited to do contract work for DNR and to park on the driveway where he slipped and fell. It is questionable whether appellants raised this argument below. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it.") (quotation omitted). More importantly, appellants present no reasoning or legal authority in support of the contention that tort concepts on altered duty to invitees or other classes of claimants in any way limit application of the mere-slipperiness rule. *See Henkes*, 42 Minn. at 531–32, 44 N.W. at 1027 (stating the government exercises reasonable care in maintaining a sidewalk if it is merely slippery).

Appellants also assert that the mere-slipperiness rule does not apply to the DNR driveway because it is not a public sidewalk. Minnesota cases have not confined the mere-slipperiness rule to sidewalks and streets. For example, *Doyle*

applied the rule to a slip-and-fall accident in an icy parking lot. 524 N.W.2d at 463–64. A parking lot is similar to a driveway, and the driveway where the accident occurred in this case does not fall outside the scope of the mere-slipperiness rule.

In sum, the mere-slipperiness rule's rationale applies identically to the state, which is generally treated the same in tort as a municipality, and there is no merit in appellants' contentions that the mere-slipperiness rule was abrogated by statute, does not apply to injured invitees, or does not apply to falls on driveways. The mere-slipperiness rule extends to claims against state defendants, and it applies to appellants' claim against DNR in this case.

## 2. Other Issues

First, appellants argue that genuine issues of material fact preclude summary judgment because the amount of time the ice had been in existence is disputed and the mere-slipperiness rule only applies to "newly formed glare ice" under *Doyle. Id.* at 463. It is questionable whether appellants have sufficiently shown that the ice in the instant case was longstanding. More importantly, liability will not be premised on even a longstanding icy condition when the only hazard is smooth glare ice. *Doyle* referred to newly formed glare ice because the ice was in fact newly formed, and the court held that "it had not remained there long enough for the formation of ridges, hummocks, depressions or other irregularities on which municipal liability is founded." *Id.* at 464. As the supreme court explained in *Smith v. Village of Hibbing:*

> [I]t is not sufficient for recovery that the plaintiff in a [slip-and-fall case] show that he was caused to fall by rough ice. It must also be inferable from the evidence that the municipal corporation had either actual or constructive notice of the perilous condition a sufficient time before the accident to allow reasonable

opportunity to remedy it. And since a municipality is not required to guard against mere slipperiness caused by a natural flow of water from melted ice and snow, it follows that the actual or constructive notice must be of hazards due to slippery ice made more dangerous by reason of a rough or uneven surface.

272 Minn. 1, 3, 136 N.W.2d 609, 610 (1965) (citation omitted). As *Smith* makes evident, a governmental entity is only liable under the mere-slipperiness rule if the icy condition is more dangerous than smooth, slippery ice, and then only if it also has notice and a reasonable opportunity to remedy the situation. *Id.* It is undisputed that the ice described by appellants was merely smooth and slippery. No material fact is in dispute, and summary judgment was appropriate under the mere-slipperiness rule despite appellants' arguments that DNR had been aware of the ice and had sufficient time to attempt to get rid of it.

Finally, appellants argue that the district court erred in not deciding whether DNR is immune under Minn.Stat. § 3.736. DNR does not seek immunity under section 3.736, and the district court expressly declined to address the issue for that reason. Instead, as the district court recognized, the mere-slipperiness rule precludes finding DNR negligent.

## DECISION

Because the mere-slipperiness rule applies to state entities, and because DNR was entitled to judgment as a matter of law on the undisputed facts of this case, the district court did not err in granting summary judgment for DNR.

**Affirmed.**