CARRIE M. YOUNG *vs.* VILLAGE OF WATERVILLE.

September 10, 1888.

**Municipal Corporations—Duty to Repair Sidewalks.**—The charter of defendant imposes on it the duty of keeping sidewalks in repair.

Appeal by defendant from an order of the district court for Le Sueur county, *Edson, J.,* presiding, overruling a demurrer to the complaint.

*Peck & Brown,* for appellant.

*Baxter, Townley & Gale,* for respondent.

GILFILLAN, C. J. In *Shartle* v. *City of Minneapolis,* 17 Minn. 284, (308,) it was determined that a municipal corporation, having exclusive control of streets within its limits, at least if the means of performing the duty are placed at its disposal, is obliged to keep them in a safe condition, and is liable for injuries caused by unreasonable neglect of that duty. Within this duty a sidewalk is but part of a street. *Furnell* v. *City of St. Paul,* 20 Minn. 101, (117;) *Bohen* v. *City of Waseca,* 32 Minn. 176, (19 N. W. Rep. 730;) *Noonan* v. *City of Stillwater,* 33 Minn. 198, (22 N. W. Rep. 444.) The charter of defendant in various sections gives to it in detail all the powers over streets that a municipal corporation could exercise, such powers being necessarily exclusive; and in respect to sidewalks gives the power to establish their width and grade, to determine the kind of material of which they shall be constructed, to cause them to be constructed or repaired by the abutting lot-owners at their own expense,

and, in case of their failure to construct or repair them as required by the common council, to order the same to be done, and cause the expense thereof to be assessed upon and enforced against abutting lots. The provisions of the charter specially applicable to sidewalks are not different in substance from those of the defendant in *Moore* v. *City of Minneapolis,* 19 Minn. 258, (300,) in which case they were held sufficient to charge the defendant with the duty of keeping them in repair, and to impose upon it liability for neglect to do so. From the complaint it appears that the defendant had constructed or caused to be constructed the sidewalk where plaintiff was injured, but neglected to keep it in repair. The demurrer was properly overruled.

Order affirmed.