## PAULINE GENEREAU v. CITY OF DULUTH.[1]

November 5, 1915.

Nos. 19,510—(136).

**Municipal corporation — construction of sidewalk — ice.**

1. The complaint charged that the defendant city negligently suffered ice to accumulate and remain in dangerous ridges at a place on its sidewalk where was an abrupt slant, and, also, negligently constructed the walk with such slant, by reason of which negligence plaintiff fell and was injured. The evidence justified the court in submitting to the jury both claims of negligence as grounds of recovery.

1 Reported in 154 N. W. 664.

Note.—As to liability generally of municipality for permitting snow and ice to remain on sidewalk, to injury of traveler, see notes in 58 L.R.A. 321; 7 L.R.A.(N.S.) 933; 20 L.R.A.(N.S.) 656.

As to liability for injury from rough or uneven ice or snow accumulated from natural causes on street or sidewalk not otherwise defective, see notes in 13 L.R.A.(N.S.) 1105; and 45 L.R.A.(N.S.) 75.

**Damages not excessive.**

2. The contributory negligence of plaintiff was for the jury. The damages awarded for the severe and apparently permanent injury cannot be *held* excessive.

Action in the district court for St. Louis county to recover $6,280 for personal injuries caused by a fall upon an icy sidewalk, and $75 for expenses incurred. The case was tried before Dancer, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $3,575. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant city appealed. Affirmed.

*Henry F. Greene* and *John E. Samuelson,* for appellant.

*H. W. Lanners* and *John Jenswold,* for respondent.

Holt, J.

On the evening of February 24, 1914, plaintiff, while walking upon one of defendant's streets, fell and broke her hip. In this action to recover damages, she alleged that defendant was negligent in the construction of the walk at the place where she fell, and that it negligently had permitted ice to there accumulate and remain in such form as to make it dangerous to pedestrians. The trial resulted in a verdict for plaintiff. This appeal is from the order denying defendant's motion in the alternative for judgment or a new trial.

The assignments of error as presented by the brief and the oral argument group themselves around the proposition that the evidence did not justify the court in submitting either of the two theories of the alleged negligence to the jury. Ramsey street between Fiftieth and Fifty-first avenues in West Duluth is upon level ground, and there is no slope in the street as laid out. It is one of the important streets in that part of the city, it is paved, and a double-track street car line is operated upon it. A sidewalk has been constructed between the avenues mentioned upon the south side of Ramsey street. The easterly part of this sidewalk was laid some little time before the westerly part was built. When the last part was built it was placed on a lower level, so that where the two portions met there was a difference of three inches. The city authorities directed the one who laid the last built part of the walk to raise it to

the level of the old portion by an incline or slant, so that in the last twelve inches of the new walk there was a rise of three inches. Plaintiff on the evening in question was walking on this sidewalk, and, when she came to the slant mentioned, she slipped and fell breaking her hip near the socket. She cannot yet walk without crutches and the testimony indicates that the present condition is likely to be unchanged. She is fifty-four years old. The evidence tended to show that on this evening it was so dark or dimly lighted along this sidewalk that the slant therein and its condition with respect to accumulated ice could not be seen; that a path led down to the sidewalk near the slant, and, when snow accumulated and thawed, water flowed in from this path and also from the walk over the slant therein, forming, when it again froze, such uneven ridges and depressions that walking thereon became exceedingly dangerous, and that this condition had existed for several weeks prior to plaintiff's injury.

One of the theories of the right to a recovery upon which the court let the jury pass was whether defendant negligently allowed the sidewalk to remain in a dangerous condition for travel, and this without regard to the question of negligence in the construction of the slant in the walk. Whether the evidence warrants a recovery on this theory is the close question in the appeal. The accident took place at the slant. Some testimony was offered that the ridges or hummocks of ice at that place were some two inches high. A witness for defendant, employed by it to keep sidewalks in a safe condition for travel during the winter season, who undertook to testify that on the day preceding the accident he sprinkled sand at the slant and cut away some of the ice therefrom, admitted impliedly, and also directly, such a situation of danger to pedestrians that it demanded attention from defendant. The court, in submitting this phase of the case, while eliminating the claim of negligence in the construction of the walk nevertheless, very properly told the jury that, in determining whether there was actionable fault in permitting the alleged uneven ice ridges to remain, they should take into consideration, among other things, the location of the ice. The fact that it was at or upon a slant, such as this, had a bearing on the care to be exercised by the city in respect thereto. A city, which places or permits such an uncalled-for jog and slant at an unexpected place along an otherwise

level walk, is placed under greater obligation to take precautions against the dangers from ice accumulations than if the walk were upon a somewhat uniform slope, where a pedestrian would be more able to realize the danger if ice happens to exist. We conclude the evidence justified the charge. In so doing we do not trench upon the rule announced in Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026, where it was held that the duty of a city in respect to care of its sidewalks did "not extend to the removal of ice which constitutes no other defect than slipperiness, there being no such accumulation of ice as to constitute an obstruction to travel, and no ridges or inequalities of such height, or lying at such inclination or angle as would be likely to trip passengers or cause them to fall." Here the ridges were at or upon an inclination. No inflexible rule can be laid down respecting the duty of a municipality in this state to keep sidewalks safe for travel in respect to ice accumulations. The amount of travel, the condition of light, the danger to be apprehended, the practicability of overcoming it, and other varying circumstances have a bearing. Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819. The law of the Henkes' case was restated in Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141, wherein it was also announced as a settled rule that ice in ridges and upon slopes may, under certain conditions, give rise to actionable negligence against a city for injuries occasioned by a fall thereon.

We are quite clear that the court was right in submitting the issue of negligence arising out of the method adopted in joining the new portion of the walk to the old. The short and steep slant made use of was not called for by any grade of the street or contour of the ground, nor by any necessary construction such as an approach to an alley or driveway. And the city authorities cannot well plead ignorance of the danger to which pedestrians are exposed when ice forms upon such a slant or ridge. The facts bring the case well within the rule in Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 Am. St. 596.

No other matter requires discussion. Plaintiff's contributory negligence was without doubt a jury question. And considering plaintiff's serious and no doubt permanent injury the damages awarded of $3,575 cannot be held excessive.

Order affirmed.