## ROBERT RASMUSEN v. CITY OF DULUTH.[1]

May 26, 1916.

Nos. 19,680—(85).

**Municipal corporation — construction of manhole in street crossing — questions for jury.**

Whether defendant was negligent in constructing and maintaining a manhole in a street crossing which projected above the level of such crossing, and whether plaintiff's injury was caused by slipping on the sloping side of such manhole, were questions for the jury and were properly submitted to them.

Action in the district court for St. Louis county to recover $4,225 for personal injury received from the fall upon a sidewalk in defendant city. The case was tried before Ensign, J., and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John E. Samuelson* and *Leonard McHugh,* for appellant.

*John Jenswold,* for respondent.

TAYLOR, C.

Plaintiff slipped and fell upon a street crossing in the city of Duluth, and brought this suit to recover damages for the injuries sustained. After a verdict for plaintiff, defendant made a motion in the alternative for judgment notwithstanding the verdict, or for a new trial, and appealed from the order denying its motion.

Plaintiff was proceeding along the northerly side of Superior street and the accident occurred as he was crossing Seventh avenue west. The crossing was paved with brick the same as the street and sloped slightly

[1]Reported in 157 N. W. 1088.

---

Note.—As to liability of municipality for injuries from unevenness in sidewalk or cross walk, see note in L.R.A. 1916 A, 486.

Generally on the question of defect in street and highway as proximate cause of injury, see notes in 13 L.R.A.(N.S.) 1252: 20 L.R.A.(N.S.) 732.

toward Superior street. In the crossing, a manhole had been constructed which was covered by a round iron plate a little over two feet in diameter, and projected above the level of the crossing. The brick paving sloped somewhat in all directions from the top of the manhole, the greatest slope being a descent of 2.5 inches in a distance of two feet southerly toward Superior street. The crossing and the entire street was covered with a thin coating of smooth ice. It was snowing at the time, and the coating of ice was covered and concealed by about an inch of light snow. While walking over the crossing, plaintiff slipped, fell and broke one of the bones of his leg. He claims that his fall was caused by stepping on the ice-covered slope on the southerly side of the manhole.

Defendant insists that it conclusively appears from plaintiff's testimony that he fell before he reached the slope at the manhole, and that the accident resulted solely from the slipperiness of the street caused by the ice and snow. Plaintiff stated clearly that at the time he slipped his feet were on the southerly side of the manhole and about three inches from the iron cover. His command of the English language was limited, and his several accounts of his movements from the time he stepped from the curb until he fell cannot reasonably be construed as contradicting the above statement. The evidence was ample to sustain the finding of the jury that he slipped upon the sloping side of the manhole.

Defendant also contends that the court should have ruled as a matter of law that the city was not negligent in constructing and maintaining the manhole in the manner shown by the evidence. It does not appear that there was any necessity for the manhole to project above the level of the crossing, and the sloping sides tended to increase the danger of slipping when the crossing was covered with smooth ice as at the time of the accident. Under the evidence, whether the city was negligent was a question for the jury. Latell v. Cunningham, 122 Minn. 144, 142 N. W. 141; Genereau v. City of Duluth, 131 Minn. 92, 154 N. W. 664. The court correctly instructed the jury that, if the fall resulted solely from slipperiness caused by the ice and snow, the city was not liable (Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026; Genereau v. City of Duluth, supra); and further instructed them that the city was liable only in case it was negligent in constructing and maintaining the projecting manhole with sloping sides, and plaintiff's fall "was caused by

those sloping sides." The evidence is sufficient to sustain the verdict, and we find no error in the ruling or charge of the court.

Order affirmed.