## ERNEST A. ROBERTS v. VILLAGE OF BUHL.[1]

October 24, 1924.

No. 24,193.

**Defendant liable for negligently allowing ice to remain on sidewalk.**

1. A village at an alley corner installed iron covers over the curb gutter in line with the sidewalk. It operated a V shaped snowplow piling the snow along the sides of the walk. Thawing temperature caused the snow to melt and the water passing under the iron aprons froze and the gutter thereunder became clogged and the irons at the point of contact with the walk at the curb heaved and became elevated about one and one-half inches. The water overflowed and was held on the sidewalk by the elevated iron aprons where it became smooth slippery ice and by reason thereof a pedestrian fell and was injured. *Held* that the icy condition was not due to natural accumulation but to artificial conditions; that the apparatus was negligently permitted to become in such a condition as to be peculiarly liable to cause the formation of the ice which the village did not remove and the village is liable for such injuries, it appearing that the condition existed for such period of time as to constitute constructive notice to the officers having charge of such matters.

**Verdict of $5,000 not excessive.**

2. Record examined and *held*: (1) Evidence sufficient; (2) no error in refusal to give instructions to jury; and (3) damages not excessive.

Action in the district court for St. Louis county to recover $10,000 for injuries received in falling upon a sidewalk. The case was tried before Hughes, J., who when plaintiff rested denied defendant's motion to dismiss, and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000. From an order denying its motion for judgment

[1] Reported in 200 N. W. 354.

notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. R. Simons* and *Boyle & Montague*, for appellant.

*Austin, Austin & Wangensteen*, for respondent.

WILSON, C. J.

This is an action to recover for personal injuries sustained by a fall upon an icy sidewalk in the village of Buhl. It is based upon negligence. Plaintiff was given a verdict for $5,000. The village has appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

At right angles to one of the paved streets in the village is an alley across which there is a concrete walk. At the side of the alley is the usual curb and gutter. The village has covered this gutter, in the line of the walk, by iron covers or aprons each of which is about 20 inches wide and 30 inches long. The effect of the aprons is to make the walk level. The aprons are so constructed that they can be easily removed to clear or remove any obstruction that might accumulate thereunder.

The village cleared snow from its walks by the use of a V shaped snowplow pulled by horses. This was on the sidewalk in question and it caused snowbanks to be thrown up on the boulevard and property. It was also used in the alley throwing snow toward the building located on the alley corner. Heat from the building melted the snow on the roof, so that it would drip from the roof onto the snow by the building but not on the walk. Thawing weather in the winter also caused water to run. This water, together with the water from the snowbanks as it melted, ran southerly and along the gutter under the iron aprons. It froze almost as often as it thawed. The drain or gutter under the iron aprons became clogged and obstructed and filled with ice. This condition existed for several weeks. The water could not pass through. Apparently because of the freezing of the water under the irons they bulged or heaved up and became elevated to the extent of an inch and a half at the end resting on the curb. The water, not being permitted to run under the irons as it was intended, overflowed at that point upon the sidewalk and

covered the full width of the walk and extended 2 or 3 feet length-wise along the walk. This water froze into slippery smooth ice. It was thickest near the iron aprons and was there perhaps 1½ to 3 inches thick and then gradually thinned out as it extended upon the walk. This ice was upon the walk for practically all the winter and on March 11, 1923, it was covered with a thin film of snow which tended to conceal the ice from view. On that day plaintiff, while walking upon the sidewalk, stepped upon this ice and as a consequence thereof, slipped and fell upon the walk, sustaining serious injuries.

The appellant invokes the smooth surface doctrine which is that a municipality is not liable for injuries caused by mere slipperiness which exists because of natural accumulations of ice and snow. Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026; Smith v. City of Cloquet, 120 Minn. 50, 51, 139 N. W. 141; Genereau v. City of Duluth, 131 Minn. 92, 154 N. W. 664; Rasmussen v. City of Duluth, 133 Minn. 134, 157 N. W. 1088; Nichols v. Village of Buhl, 152 Minn. 494, 193 N. W. 28. In this case the ice was flat, smooth and slippery. It was not rough, neither were there ridges or irregularities. It did not arise from natural causes. That is, it did not fall from the clouds in the form of snow, sleet or rain. Nor was it the mere freezing of natural water. The law does not require a municipality to remove from its walks the natural accumulation of ice and snow where it forms generally upon the walks and where no special defect is shown. The failure to keep clean the apparatus installed, and not the action of the elements, is primarily responsible for the dangerous conditions. The apparatus was properly constructed but it was negligently permitted to become in such condition as to be peculiarly liable to cause the formation of the ice which the village did not remove. The law is not unreasonable in requiring a municipality to incur the slight expense incident to the cleaning out of the gutter under such iron aprons in order to avoid subjecting the pedestrian to unsuspected dangers. Obviously the facts in this case do not bring it within the smooth surface doctrine. Artificial not natural

causes brought about the dangerous condition. The ice here was the result of the piling of the snow with the snowplow, the construction and installation of the gutter covered with the iron aprons and the failure to keep the gutter clean. It was of artificial creation. The jury has found that the dangerous condition negligently existed and remained for such period of time as to constitute constructive notice to the officers having charge of such matters. We conclude that liability existed. Nichols v. Village of Buhl, 152 Minn. 494, 193 N. W. 28.

Appellant attacks the sufficiency of the evidence. If this element was controlled by quantity its claim would be well founded. We, however, have no difficulty in finding plenty of evidence to support the findings of the jury, and we cannot disturb the verdict on the claim of insufficiency of the evidence.

Appellant assigns error as to the court's refusal to give instructions requested. We have examined these and find no error.

It is also claimed that the damages awarded are excessive. In the first trial the plaintiff was awarded $7,500 and a new trial was granted on the ground that that amount was excessive. In the second trial the jury assessed his damages at $5,000. This amount has the approval of the trial court. The evidence shows that plaintiff suffered a twist in the hip by reason of the fall. He was confined to his bed for 6 weeks. After that and up to the time of the second trial on February 26, 1924, he was on crutches. A physician testified that it would probably take 5 months to a year from the time of the second trial before plaintiff could recover so as to resume his work as a barber at which he had been earning about $40 per week. He suffered severe pains. There was muscle spasm, and also considerable injury to the muscles, ligaments and capsulary structures about the right hip joint, and some limitation in movements. We cannot say that the verdict does any more than fairly compensate the plaintiff.

Affirmed.