## KENNETH LOCKWAY v. CONRAD PROULX AND ANOTHER. CITY OF ST. PAUL, APPELLANT.

166 N. W. (2d) 79.

March 7, 1969—No. 41382.

*Joseph P. Summers,* Corporation Counsel, and *Thomas J. Stearns,* Assistant Corporation Counsel, for appellant.

*Peterson, Bell & Converse,* for respondent Lockway.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

MURPHY, JUSTICE.

The city of St. Paul appeals from a judgment for damages sustained by plaintiff, Kenneth Lockway, when he slipped and fell on an icy sidewalk. The issue before us is limited to the question of whether, under the provisions of Minn. St. 466.03, subd. 4, the term "highway" includes a public sidewalk so as to preclude liability of the city. Neither the issue of negligence nor the liability of the adjoining property owner is before us.

The enactment of c. 466, the so-called Municipal Tort Liability Act, was prompted by the decision of this court in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795. In that case we overruled the doctrine of sovereign tort immunity with respect to various governmental units, including municipal corporations on whom immunity had been conferred by judicial decision, subject to existing statutes limiting or regulating prosecution of such claims. In limiting and defining the application of that decision, the legislature enacted § 466.03, subd. 4, to exempt a municipality [1] from liability for

---

[1] So far as applicable here, Minn. St. 466.03 provides: "Subdivision 1. Section 466.02 [the section which imposes tort liability] does not apply to any claim enumerated in this section. As to any such claim every municipality shall be liable only in accordance with the applicable statute and where there is no such statute, every municipality shall be immune from liability.

\* \* \* \* \*

"Subd. 4. Any claim based on snow or ice conditions on any highway or

"[a]ny claim based on snow or ice conditions on any highway or other public place."

The city contends that the term "highway," as used by the legislature, includes sidewalks. The city reaches its conclusion by arguing that in a municipality a highway is a public street (Carli v. Stillwater St. Ry. & Transfer Co. 28 Minn. 373, 10 N. W. 205; Northwestern Tel. Exch. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L. R. A. 175) and that a sidewalk is considered a part of a street. Bohen v. City of Waseca, 32 Minn. 176, 19 N. W. 730; Young v. Village of Waterville, 39 Minn. 196, 39 N. W. 97; Lamb v. South Unit Jehovah's Witnesses, 232 Minn. 259, 45 N. W. (2d) 403, 33 A. L. R. (2d) 1. It contends that these authorities compel the conclusion that a sidewalk is included in the term "highway" and that, consequently, the city is exempted from liability resulting from snow and ice thereon.

If this conclusion is correct, the effect of § 466.03 would be to materially change the common law with respect to the liability of municipalities for the condition of its sidewalks. It has long been the law of this state that a municipality is liable if it negligently permits an accumulation of snow and ice to remain on a sidewalk for such a length of time as to cause the formation thereon of slippery and dangerous ridges, depressions, and irregularities in the surface.[2]

Innumerable definitions of the term "highway" may be found in the various authorities. 19 Wd. & Phr. (Perm. ed.) pp. 439 to 473. The term "highway" is defined by Minn. St. 168.011, subd. 3, as "any public thoroughfare for vehicles, including streets in cities, villages, and boroughs." It would appear from our authorities in the area of tort

other public place, except when the condition is affirmatively caused by the negligent acts of the municipality."

[2] 13A Dunnell, Dig. (3 ed.) § 6829. The authorities supporting this statement are too numerous to require citation. Stated another way, the rule is that where ice and snow are allowed to accumulate on sidewalks and cause dangerous ridges and depressions, the municipality may be liable if it fails to exercise ordinary care in removing the defect. Liability does not arise, however, unless a municipality fails to act within a reasonable time after it has either actual or constructive notice of the defect.

actions that we have not considered the term "highway" as being a generic term including streets, boulevards, and sidewalks. They are considered separately. Paul v. Faricy, 228 Minn. 264, 37 N. W. (2d) 427; Casad, *Street and Sidewalk Safety: The Scope of the Municipal Duty in Minnesota,* 45 Minn. L. Rev. 333.

It is apparent that, by enacting c. 466, the legislature determined that the liability of a municipality should not be extended to the area of the highway used for vehicular traffic, nor did it intend to do away with the long-established common-law liability of the municipality for accidents arising from sidewalk conditions. If it had so intended, it might be expected that its intention to do so would have been clearly expressed. 19 McQuillin, Municipal Corporations (3 ed.) § 54.07. It seems to us that when § 466.03 is considered in context of the history and purpose of the statute, its effect is to immunize the city from liability resulting from accidents occurring in streets used for vehicular traffic, and that the term "highway" as used therein does not include municipal sidewalks.

Affirmed.