ANNA TESKE v. STEELE COUNTY AND ANOTHER.

170 N. W. (2d) 234.

August 15, 1969—No. 41225.

*John M. Smith,* for appellant.
*Ross M. Muir,* for respondent county.
*Schacht, Kerr & Schacht,* for respondent city.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

This is an action to recover damages for personal injuries sustained by plaintiff when she slipped on an icy sidewalk adjacent to the Steele County courthouse in the city of Owatonna. The trial court held that in the absence of proof that the walk contained hummocks, ridges, depressions, or irregularities, the municipality was not liable for a fall occasioned by "mere slipperiness" and directed a verdict for defendants. We affirm.

Plaintiff, a 76-year-old woman, testified that on January 5, 1966, as she was walking on a public sidewalk across the street from her home, she slipped at a point where the walk intersected a driveway between a parking lot and the street, fell backward, and sat down with such force that she sustained serious injuries. An ambulance driver who took her to the hospital testified that he found Mrs. Teske close to the sidewalk, on the driveway. Although he didn't observe the condition of the walk, he stated that there were ruts 4 to 6 inches deep on the driveway itself between the street and the sidewalk.

Apart from an isolated statement by Mrs. Teske concerning the surface of the sidewalk and driveway where she said, "Well, it was kind of rough, I think," she consistently testified that she did not see ice on

the sidewalk; that there was a thin layer of snow on the walk; that the walk had been plowed or shoveled but not down to the cement; that she saw no ridges or humps; and that the sidewalk was smooth.

We do not agree with plaintiff's contention that the testimony of the ambulance driver and that of Mrs. Teske raised a fact question for the jury's determination. Mrs. Teske's testimony that the surface was "kind of rough" was in response to a question involving both the walk and the driveway, and her subsequent testimony made it clear that the walk itself was free from irregularities. The testimony of the ambulance attendant was directed at the place where Mrs. Teske was found and not where she slipped.

The law is well settled that a municipality is not liable for injuries occasioned by the "mere slipperiness" of sidewalks if that condition was created by natural means. Consequently, the only issue remaining is what caused the icy condition. Stanke v. City of St. Paul, 71 Minn. 51, 73 N. W. 629; Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354; Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N. W. 834; Squillace v. Village of Mountain Iron, 223 Minn. 8, 15, 26 N. W. (2d) 197, 202; Woodring v. City of Duluth, 224 Minn. 580, 582, 29 N. W. (2d) 484, 486; Brittain v. City of Minneapolis, 250 Minn. 376, 84 N. W. (2d) 646; Hall v. City of Anoka, 256 Minn. 134, 135, 97 N. W. (2d) 380, 381; Bury v. City of Minneapolis, 258 Minn. 49, 51, 102 N. W. (2d) 706, 708; Scott v. Village of Olivia, 260 Minn. 346, 110 N. W. (2d) 21; Smith v. Village of Hibbing, 272 Minn. 1, 136 N. W. (2d) 609; Lockway v. Proulx, 283 Minn. 30, 166 N. W. (2d) 79.

The court rejected plaintiff's offer to prove that for many years the city had permitted water to collect in the gutter at the entrance to the driveway between the street and the parking lot, and that cars in passing over the pool and entering the driveway dropped water on the sidewalk, causing an icy condition similar to that plaintiff experienced on the day she fell. It is plaintiff's contention that the stockpiling of snow and the use of salt were the artificial means by which the icy condition was ultimately created. The exclusion of this evidence is assigned as error.

We are not persuaded by this argument. The plowing and piling of snow adjacent to driveways and sidewalks and the use of salt to remove the ice are factors of causation which, under the circumstances of this case, are entirely speculative and remote. It was therefore proper to reject the offer and direct a verdict for defendants.

Affirmed.