**Mark E. BUFKIN, Appellant,**

**Clyde E. Bufkin, Plaintiff,**

v.

**CITY OF DULUTH and Arena Auditorium Administrative Board, Respondents.**

**No. 50062.**

Supreme Court of Minnesota.

April 4, 1980.

Mathias & Brown, Duluth, for appellant.

Anthony S. Downs, Duluth, for respondents.

OTIS, Justice.

This negligence action to recover damages flowing from an injury sustained when plaintiff Mark Bufkin fell on a patch of glare ice on the sidewalk leading to the entrance of the Duluth Arena Auditorium raises the issue of whether the city and the administrative board charged with operation of the municipally owned complex were free from negligence as a matter of law. At the close of plaintiffs' case, the trial court so held and granted defendants' motion for a directed verdict. We have concluded that reversal is compelled because the general rule requiring a showing of more than smooth slippery ice to establish a municipality's negligence in the maintenance of its sidewalks has no application under the circumstances of this case.

The facts, for purposes of this appeal, were stipulated. In the early evening of January 17, 1976, plaintiff Clyde Bufkin gave his son Mark a ride to the Arena Auditorium so that Mark could attend a concert there. Shortly after stepping onto the semi-circular sidewalk leading to the main entrances to the building, Mark slipped and fell, injuring his back. After the fall Mark observed a thin smooth coat of ice which had been obscured by a light covering of snow. There had been no snowfall or other unusual weather immediately before the accident.

The defendant board charges for admission to events held at the Arena Auditorium and endeavors to operate the complex for profit. The complex has its own maintenance staff which is responsible for maintenance of the adjacent sidewalks, over which total control is vested in the board. It is the responsibility of the maintenance manager to see that dangerous conditions on the sidewalks are remedied, and the manager admitted that he was aware that many persons attending events at the complex use the sidewalk on which Mark fell. The manager said that the normal procedure of the maintenance staff is to inspect the sidewalks prior to an event in the building, but neither he nor anyone else on the staff could state what the condition of the sidewalk was prior to the accident.

On this evidence the trial court held that the showing of mere slipperiness on a municipal sidewalk was not sufficient to establish defendants' negligence. This has been the rule for many years with respect to public sidewalks generally. *Teske v. Steele County,* 284 Minn. 559, 170 N.W.2d 234 (1969); *Henkes v. City of Minneapolis,* 42 Minn. 530, 44 N.W. 1026 (1890). In *Henkes* the court explained that this rule is based on the practical consideration that it would be an unsupportable burden to require a city to keep all of its sidewalks free of ice.

We believe, however, that the scope of the rule is defined by the reason for its existence and that in the circumstances of this case it is not applicable. The walk on which plaintiff fell was not an ordinary public way but was used solely as a route to and from the complex. Moreover, defendants' activities in operating the Arena Auditorium are no different from those of an

individual who operates a similar enterprise. Thus, in our view it is only just that the same standard of care required of such an individual should be required of defendants. *Cf. Stein v. Regents of the Univ. of Minn.*, 282 N.W.2d 552 (Minn.1979), in which we held that a public hospital engaged in a proprietary function must meet the same standard of care as private hospitals. In *Stein*, 282 N.W.2d at 556, we quoted the analysis set forth in *Carroll v. Kittle*, 203 Kan. 841, 850, 457 P.2d 21, 28 (1969):

> Reason suggest that a patient who pays for professional services ought to be entitled to the same protection and the same redress for wrongs as if the negligence had occurred in a privately owned and operated hospital. If the government is to enter into businesses ordinarily reserved to the field of private enterprise, it should be held to the same responsibilities and liabilities.

This rationale compels the conclusion that a municipality and its agents operating a municipal auditorium for profit have the same

duty of care in maintaining the sidewalks leading to the auditorium as a private owner of a similar enterprise.[1] That duty clearly does not impose an unsupportable burden on municipalities.

We conclude that the trial court erred in holding that as a matter of law plaintiffs failed to present sufficient proof of negligence. Instead, we hold that defendants' conduct should be judged by the factors set forth in JIG II 330 G–S and 332 G–S, 4 Minnesota Practice-Jury Instruction Guide (2d ed. 1974). *See Adee v. Evanson*, 281 N.W.2d 177, 180 (Minn.1979). Accordingly, we remand for a new trial.

Reversed.

---

1. Nor do we perceive any statutory prohibition against this holding. While Minn.Stat. § 466.-03, subd. 4, exempts a municipality from liability for "[a]ny claim based on snow or icy conditions on any highway or other public place, except where the condition is affirmatively caused by the negligent acts of a municipality," we held in *Lockway v. Proulx*, 283 Minn. 30, 166 N.W.2d 79 (1969) that this provision refers to streets and public places used for vehicular traffic.