Paul Edward GRIMM,
Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C6–90–2546.

Court of Appeals of Minnesota.

May 21, 1991.

Richard L. Swanson, Chaska, for respondent.

Hubert H. Humphrey III, Atty. Gen., Ronald S. Latz, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by KALITOWSKI, P.J., and SHORT and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Respondent's driver's license was revoked pursuant to the implied consent law, Minn.Stat. § 169.123, subd. 4 (Supp.1989), and he petitioned for judicial review. The trial court suppressed the blood test report

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

and rescinded the revocation. The Commissioner of Public Safety appeals. We reverse.

### FACTS

On June 1, 1990, Officer Robert VanDen-Broeke arrested respondent Paul Edward Grimm for driving while under the influence, and invoked the implied consent law. Respondent agreed to take a blood test. Respondent's driver's license was revoked after the test revealed an alcohol concentration of .10, and he petitioned for judicial review. Respondent stipulated at the hearing that the procedures concerning the blood test were properly performed and that the test result revealed an alcohol concentration of .10.

The Commissioner offered into evidence the Bureau of Criminal Apprehension chemist's blood test analysis report. The report was signed by the analyst, but her signature was not notarized. Respondent objected, arguing that Minn.Stat. § 634.15 required the signature be notarized. The trial court suppressed the blood test report and rescinded the license revocation. The Commissioner of Public Safety appeals.

### ISSUE

Does Minn.Stat. § 634.15, subd. 1 (1988) require that the signature of the crime laboratory analyst on the blood test report be notarized before the report may be admitted into evidence in an implied consent proceeding?

### ANALYSIS

■■■ The interpretation of a statute is at issue here. An appellate court may fully review the construction of a statute, which is a question of law. *Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). When the words of a statute are unambiguous, the court must give effect to the plain meaning of the statute. *Tuma v. Comm'r of Economic Sec.*, 386 N.W.2d 702, 705 (Minn.1986).

Minn.Stat. § 634.15, subd. 1 (1988) addresses the admissibility into evidence of a laboratory analysis report in criminal and implied consent proceedings. It provides in relevant part that the following reports are admissible:

> (a) A report of the facts and results of a laboratory analysis or examination if it is prepared *and attested by the person performing the laboratory analysis or examination* in any laboratory operated by the bureau of criminal apprehension * * *.
>
> *       *       *       *       *       *
>
> A report described in clause (a) purported to be signed by the person performing the analysis or examination in a laboratory named in that clause, or a blood sample report described in clause (b) purported to be signed by the person who withdrew the blood sample shall be admissible as evidence *without proof of the seal, signature or official character* of the person whose name is signed to it.

Minn.Stat. § 634.15, subd. 1 (emphasis added).

The report here provided the details of the analysis and then stated: "I hereby certify that the above report is true and accurate," followed by the signature of the analyst. The trial court suppressed the report, interpreting the statute to require that the analyst's signature be acknowledged and notarized.

A "notarial act" means any act a notary public is authorized to perform, including "witnessing or attesting a signature." Minn.Stat. § 358.41(1) (1988). "In witnessing or attesting a signature the notarial officer must determine, either from personal knowledge or from satisfactory evidence, that the signature is that of the person appearing before the officer and named therein." Minn.Stat. § 358.42(c) (1988).

■■■ Minn.Stat. § 634.15, subd. 1, however, does not require that a notary public attest to the signature. Instead, the unambiguous language of the statute requires that the person performing the analysis must attest to the report. *Id.* The definition of "attest" is "[t]o bear witness to; to certify; to affirm to be true or genuine." *State v. Morgan*, 235 Minn. 388, 390, 51

N.W.2d 61, 62 (1952) (citation omitted). The analyst here certified the report was true and accurate. Further, the statute specifically provides that the report is admissible as evidence "without proof of the seal, signature or official character of the person whose name is signed to it." Minn. Stat. § 634.15, subd. 1. We therefore hold that section 634.15, subd. 1 does not require the signature of the analyst be notarized before it may be admitted into evidence.

## DECISION

The order of the trial court rescinding the revocation is reversed.

Reversed.