**John W. HEWITT, Plaintiff,**

v.

**The CITY OF MONTROSE, Appellant,**

**St. Paul's Lutheran Church, Defendant,**

**Wright County, Respondent.**

**No. C3–92–662.**

Court of Appeals of Minnesota.

Aug. 18, 1992.

Review Denied Oct. 20, 1992.

Thomas L. Grundhoefer, Carla J. Heyl, St. Paul, for appellant.

James R. Andreen, Jay T. Squires, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

LANSING, Judge.

In an action for personal injuries sustained by a pedestrian who tripped and fell on a sidewalk, the district court ruled that the county's state-aid highway easement did not shift responsibility for maintaining sidewalks from the city to the county. We affirm the summary judgment dismissing the county from the action.

## FACTS

In 1957 the state granted Wright County a 66′ easement to construct a county state-aid highway over land located within the City of Montrose. The easement includes a 44′ roadway and 11′ of land on each side of the road. In August 1988 a pedestrian tripped and fell on a sidewalk within the county's easement and sued the city, the county, and the abutting landowner for negligent maintenance of the sidewalk.

The sidewalk and highway are on land dedicated to the city by an 1879 plat. Neither the city nor the county has any record of who constructed the sidewalk or when it was built. Twenty years ago, the city made improvements to the sidewalk, and four years ago it issued a permit to the abutting landowner to do the same. The county has never maintained the sidewalk.

## ISSUE

Does a county have a duty to maintain a sidewalk located within a city because the sidewalk is within the county's state-aid highway easement?

## ANALYSIS

Minnesota law gives cities the right to lay municipal sidewalks. Minn.Stat. § 412.221, subd. 6 (1988). If a city does not own the land on which a sidewalk will be constructed it must condemn the land or acquire a right-of-way easement over the property. *Village of Kennedy v. Sorenson*, 251 Minn. 397, 400, 88 N.W.2d 89, 91 (1958).

In 1957 the legislature established a state-aid highway and street system. *See* Minn.Stat. ch. 162 (1988). Under the act counties were authorized to establish, construct, and maintain county state-aid highways. Minn.Stat. § 162.02. To effectuate the system, the statute provides that

> counties are vested with the rights, title, easements, and their appurtenances, held by or vested in any of the towns or municipal subdivisions * * * prior to the time a road or portion of a road is taken over by the county as a county state-aid highway.

Minn.Stat. § 162.02, subd. 1.

The county's 66′ easement for Wright County Highway 12 is specifically for highway purposes. However, the expanse of the easement would include the sidewalk if the rights and easements acquired by the county for the highway by virtue of Minn. Stat. § 162.02, subd. 1 include the city's sidewalk easement. The validity of the city's argument that under section 162.02, subd. 1 the county acquired any sidewalk easements located within the highway easement hinges on whether sidewalks are within the definition of highway.

The definition of highway referred to in chapter 162 does not mention sidewalks. *See* Minn.Stat. § 162.01 (1988); Minn.Stat. § 160.02, subd. 7 (1988). Other chapters of Minnesota Statutes define highway, but do not consistently include or exclude sidewalks. *See* Minn.Stat. § 168.011, subd. 3 (1988); Minn.Stat. § 169.01, subd. 29 (1988); Minn.Stat. § 171.01, subd. 10 (1988); Minn. Stat. § 84.81, subd. 9 (1988). For purposes of the Municipal Tort Liability Act, Minn. Stat. ch. 466 (1988), the supreme court determined that highway refers to streets and public places used for vehicular traffic and does not include municipal sidewalks. *Lockway v. Proulx*, 283 Minn. 30, 33, 166 N.W.2d 79, 81 (1969).

When the words of a statute are not explicit, the intention of the legislature controls. Minn.Stat. § 645.16 (1988); *Essling v. Markman*, 335 N.W.2d 237, 240 (Minn. 1983). Legislative intent can be garnered by considering other aspects of the statute, including its interaction with other statutory provisions relating to the same subject. *Stabs v. City of Tower*, 229 Minn. 552, 557, 40 N.W.2d 362, 366 (1949). Although an isolated reading of Minn.Stat. § 162.02, subd. 1 suggests that the county takes the entirety of the city's interest in the parcel of land, this section must be construed together with other provisions governing highways and sidewalks, including the statute's general policy and objective. *See CC Leasing Corp. v. County of Hennepin*, 297 Minn. 39, 46, 209 N.W.2d 672, 676 (1973); *Knopp v. Gutterman*, 258 Minn. 33, 40–41, 102 N.W.2d 689, 695 (1960).

Minnesota's overall statutory scheme grants cities, not counties, the right to lay, repair, or improve sidewalks, regulate the maintenance of sidewalks by private abutting landowners or occupants, issue bonds to acquire or improve sidewalks, and defray sidewalk expenses by apportioning the cost to parcels of land located within the area. Minn.Stat. § 412.221, subd. 6; Minn. Stat. § 475.52 (1988); Minn.Stat. § 435.44 (1988). There are no similar statutory authorizations respecting counties, and the city concedes that typically counties do not construct, maintain, or control sidewalks to the extent cities do.

In addition, by comparing statutory provisions governing the expenditure of state-aid funds for municipal state-aid streets and for county state-aid highways, it is evident that the legislature did not intend the county state-aid highway system to include sidewalks. Minn.Stat. § 162.14, subd. 2 (1988) states that money apportioned for municipal state-aid streets

> shall be used for aid in the establishment, location, construction, reconstruction, improvement, and maintenance of the municipal state-aid street system within each city including the expense of **sidewalks,** signals and safety devices * * *.

(emphasis added). An otherwise identically worded statute governing the apportionment of money for county state-aid highways includes no such allocation for sidewalks although it does include the expense of signals and safety devices. *See* Minn. Stat. § 162.08, subd. 4 (1988); *see also Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 39–40 (1944) (when a statute enumerates things to be affected by its provisions, there is an implied exclusion of others).

Further, Minn.Stat. § 162.02, subd. 2 authorizes the Commissioner of the Department of Transportation to promulgate rules governing county state-aid projects. Although the rules require maintenance of, among other things, road surfaces, shoulders, ditches, bridges, culverts, signs, and traffic control devices on county state-aid routes, there is no mention of sidewalk maintenance. *See* Minn.Rule 8820.2700, subp. 1 (1991); *see also Minnesota Power & Light Co. v. Taxing Dist. No. 695*, 289 Minn. 64, 70, 182 N.W.2d 685, 689 (1970) (agency interpretation may be helpful in ascertaining legislative intent when the agency is charged with administering the statute and interpretation has been long standing). The rules state that sidewalks are not an eligible expense on county state-aid projects unless the proposed construction requires alteration of existing walks. Minn.Rule 8820.3100, subp. 7 (1991). Both

the rules and Minn.Stat. § 160.04 (1988) suggest that a right-of-way or easement that extends beyond the actual roadway is for the sole purpose of maintaining the roadway itself, i.e., assuring that the grade of the land is proper and views are not obstructed.

The county has never performed maintenance on the sidewalk. The city, on the other hand, recognized its statutory powers and responsibilities when it made repairs to the sidewalk and issued a permit to the landowner to do the same. *See* Montrose, Minn., Ordinance § 303.03 (1985). The city's actions are consistent with our conclusion that the legislature did not intend to make counties responsible for the maintenance of sidewalks adjacent to county state-aid highways.

## DECISION

The trial court properly concluded that the legislature, by establishing a county state-aid highway system, did not intend to make counties responsible for municipal sidewalks located within the county's highway easement. The duty to maintain the sidewalk remains with the city, and the summary judgment dismissing the county is proper.

Affirmed.