**Marilyn DOYLE, Appellant,**

v.

**CITY OF ROSEVILLE, Respondent.**

No. C7–93–710.

Court of Appeals of Minnesota.

Oct. 26, 1993.

Review Granted Jan. 21, 1994.

Colia F. Ceisel, St. Paul, for appellant.
Patricia Y. Beety, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

Marilyn Doyle appeals from summary judgment granted to the City of Roseville (city), claiming the city is not immune under Minn.Stat. § 466.03, subds. 4, 6, 6e (1990) from liability for her injuries resulting from a fall in a parking lot adjacent to a municipal ice arena. We reverse and remand for trial.

## FACTS

In February 1991, appellant Marilyn Doyle attended a hockey game at the Roseville Ice Arena (ice arena). Doyle did not pay to attend the event because she was invited as a special guest, but other patrons visiting the arena paid admission to attend. When Doyle entered the arena, the temperature was unseasonably warm, and the parking lot had shallow running water from the melting snow. When Doyle departed from the arena, the temperature had dropped considerably. Doyle slipped and fell on a patch of glare ice, breaking her leg.

The ice arena is owned by the city and controlled as one of its departments. The Roseville Public Works Department is primarily responsible for plowing, sanding and salting the arena lot with occasional assistance from the parks department. The ice arena manager is responsible for the arena and the adjacent parking lot, and he determines whether plowing, sanding or salting is necessary.

In September 1991, Doyle sued the city, alleging it negligently maintained the parking lot. The city moved for summary judgment based upon discretionary immunity under section 466.03, subd. 6 (1990), and parks and recreation immunity under section 466.03, subd. 6e (1990). The district court granted summary judgment based on a municipality's immunity for injuries caused by snow and ice under section 466.03, subd. 4 (1990), as well as the parks and recreation immunity granted under section 466.03, subd. 6e. Marilyn Doyle appeals.

## ISSUES

1. Is a municipality operating an ice arena for proprietary purposes immune from liability for injuries occurring on its parking lot under parks and recreation immunity, Minn.Stat. § 466.03, subd. 6e (1990)?

2. Is a municipality operating an ice arena immune from liability for injuries caused by ice build-up on its parking lot under snow and ice immunity, Minn.Stat. § 466.03, subd. 4 (1990)?

3. Is a municipality operating an ice arena immune from liability for injuries caused by failure to inspect and sand its parking lot under the doctrine of discretionary immunity, Minn.Stat. § 466.03, subd. 6 (1990)?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine (1) whether genuine issues of material fact exist for trial, and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The evidence is viewed in the light most favorable to the party against whom summary judgment is granted. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn. 1982).

### I. *Parks & Recreation Immunity*

A municipality is immune from

[a]ny claim based upon the construction, operation, or maintenance of any property * * * intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services. * * * Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 466.03, subd. 6e (1990). Courts must interpret statutory language according to its common and approved usage. Minn. Stat. § 645.08(1) (1992). Courts must also narrowly construe exceptions to the general rule of municipal tort liability. *See Holmquist v. State,* 425 N.W.2d 230, 231 (Minn. 1988). Additionally, the scope of a statute is limited by the reasons for its existence. *See Bufkin v. City of Duluth,* 291 N.W.2d 225, 226 (Minn.1980).

■ Applying the rules of statutory construction, we conclude that the city is not immune from liability, under parks and recreation immunity, for Doyle's injury. A plain reading of "park," "open area," or providing "recreational services" under section 466.03, subd. 6e does not include a parking lot adjacent to an ice arena operated for a proprietary, rather than purely recreational purpose. *See Grimm v. Commissioner of Pub. Safety*, 469 N.W.2d 746, 747 (Minn.App. 1991).

Further, interpreting the statutory language narrowly, we conclude that an injury occurring in such an ice arena parking lot should not be included under parks and recreation immunity. The facts here are most similar to those in *Bufkin*, 291 N.W.2d at 226–27. In *Bufkin*, the plaintiff slipped and fell on a patch of glare ice on the sidewalk leading to the Duluth Arena Auditorium. *Id.* at 226. · The *Bufkin* court held a municipality operating an arena for profit to the same duty as the duty of a private owner to maintain sidewalks. *Id.* at 227. Thus, *Bufkin* supports our narrow interpretation of the parks and recreation immunity statute.

■ While *Bufkin* was decided before enactment of Minn.Stat. § 466.03, subd. 6e, legislative history of the statute does not affect our interpretation because the legislature simply did not consider how the statute would apply in this situation or in any analogous situation. *See Hearing on S.F. No. 1727 Before the Senate Judiciary Committee* (Feb. 29 & Mar. 11, 1986); *Hearing on H.F. No. 1950 Before the House Judiciary Committee* (Feb. 26, 1986); *Hearing on H.F. No. 2169 Before the House Appropriation Committee* (Mar. 16, 1976). Thus, as the city operated the ice arena here in its proprietary capacity, we conclude it should be held to the same standard as a private enterprise. *See Bufkin*, 291 N.W.2d at 226–27.

■ Finally, the reasons for the statute's existence do not invite us to include this injury under parks and recreation immunity. *See Bufkin*, 291 N.W.2d at 226. We conclude the district court erred, as a matter of law, in holding that parks and recreation immunity applied in this case. *See* Minn.Stat. § 466.-03, subd. 6e; *Holmquist*, 425 N.W.2d at 231.

The city argues that *Johnson v. State*, 478 N.W.2d 769, 771–2 (Minn.1991) is controlling because the statute here is analogous to the state's park and recreation immunity. *See* Minn.Stat. § 3.736, subd. 3(h) (1990). We disagree. The state's park and recreation statute provides no guidance in determining whether a municipal ice arena parking lot is intended to be "used as a park, open recreation area or to provide recreational services." Minn.Stat. § 466.03, subd. 6e. Further, in *Johnson*, the statute specifically named the location of the injury as part of the applicable immunity. *Johnson*, 478 N.W.2d at 772; *see* Minn.Stat. § 86A.04 (1990) (defines rest areas as part of state outdoor recreational system). Here, the municipal parks and recreation statute does not specifically grant immunity for claims occurring in municipal ice arena parking lots. *See* Minn. Stat. § 466.03, subd. 6e.

## II. *Snow & Ice Immunity*

■ Municipalities are also exempt from tort liability for

[a]ny claim based on snow or ice conditions on any highway or public sidewalk that does not abut a publicly owned building or publicly owned parking lot, except when the condition is affirmatively caused by the negligent acts of the municipality.

Minn.Stat. § 466.03, subd. 4 (1990). Here, the ice arena is a municipally owned and operated facility, and the parking lot abutted this publicly owned building. Snow and ice immunity is inapplicable under the facts of this case because the parking lot is neither a "highway or public sidewalk" and because the lot abuts a publicly owned building. We conclude the district court erred as a matter of law in granting summary judgment based on snow and ice immunity under section 466.-03, subd. 4.

## III. *Discretionary Immunity*

■ Finally, a municipality has discretionary immunity for

any claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

Minn.Stat. § 466.03, subd. 6 (1990). This immunity is limited to situations in which a challenged decision involves the integrity of a municipality's policy-making authority. *Nusbaum v. Blue Earth County*, 422 N.W.2d 713, 716 (Minn.1988). In determining whether discretionary immunity applies, courts sometimes draw distinction between policy level decisions and operational decisions. *Schaeffer v. State*, 444 N.W.2d 876, 879 (Minn.App.1989).

■ "Whether the acts of city employees are discretionary functions is a legal question." *Snyder v. City of Minneapolis*, 441 N.W.2d 781, 786 (Minn.1989). This court must conduct an independent review of the record to ascertain whether discretionary immunity applies. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (appellate court exercises independent review over purely legal questions).

■ A municipality's establishment of a snow removal policy is a discretionary act entitled to immunity. *See Hennes v. Patterson*, 443 N.W.2d 198, 203–04 (Minn.App. 1989), *pet. for rev. denied* (Minn. Sept. 15, 1989); *Wesala v. City of Virginia*, 390 N.W.2d 285, 287 (Minn.App.1986). While the decision to establish a snow removal policy is discretionary, however, implementation of that policy is not. *Hennes*, 443 N.W.2d at 203–04. Here, the ice arena had a general policy of sanding runoff areas, and the manager's duties included inspecting the parking lot for problems. Under these facts, we conclude the failure to sand the parking lot was an implementation decision and was not a policy level decision worthy of discretionary immunity under Minn.Stat. § 466.03, subd. 6.

## DECISION

The district court erred in granting summary judgment to the city based on parks and recreation immunity, Minn.Stat. § 466:- 03, subd. 6e (1990), and snow and ice immunity, Minn.Stat. § 466.03, subd. 4 (1990). The city also is not entitled to discretionary immunity under Minn.Stat. § 466.03, subd. 6 (1990).

**Reversed and remanded.**